IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOBBY KENNETH WILLIAMSON, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES EMBASSY et al., | : | No. 11-4966 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                         May 11, 2012

Plaintiff Bobby Kenneth Williamson, an inmate at the State Correctional Institution at Fayette ("SCI Fayette"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against Mailroom Supervisor Darlene Linderman, Corrections Officer Brent Roberts, Intelligence Captain Joseph Trempus, Assistant Records Administrator Chuck Roberts (collectively, the "Commonwealth Defendants"), Department of Corrections employee John Doe, and ShawnTech Communications, Inc. ("ShawnTech").[1] Presently before the Court are the Commonwealth Defendants' motion to dismiss or transfer venue, Plaintiff's motion for relief under Federal Rule of Civil Procedure 60(b)(1), and Plaintiff's motion to serve a supplemental pleading under Federal Rule of Civil Procedure 15(d). For the following reasons, the Court will grant the Commonwealth Defendants' motion to transfer, transfer the case to the Western District of Pennsylvania, and deny the remaining motions without prejudice.

---

[1] The Complaint refers to Linderman as Delove Linderman, Corrections Officer Roberts as C.O. II. Roberts, and ShawnTech Communications, Inc. as Shawn Tech. For the purpose of this Memorandum, the Court adopts the names used in Defendants' filings.

I.  **BACKGROUND**

Plaintiff is currently serving a life sentence for crimes including first-degree murder at SCI Fayette. On August 2, 2011, Plaintiff, proceeding pro se, brought this action against approximately fifty Defendants, alleging civil rights violations in connection with his criminal conviction and subsequent attempts to clear his name and to be transferred to a prison in the United Kingdom. By Order dated October 5, 2011, the Court dismissed the claims against all but the above-named Defendants as time-barred.

Plaintiff alleges that on July 30, 2009, an affidavit from an eyewitness was opened in the SCI Fayette mailroom and removed by Corrections Officer Roberts. (Compl. ¶¶ 101-02, 117, 126.) Plaintiff claims this affidavit would have assisted in his petition for postconviction relief. (*Id.* ¶ 129.) Plaintiff also alleges that on September 28, 2010, mail from the PCRA Unit of the Criminal Justice Center was opened outside of his presence. (*Id.* ¶ 114.) When Plaintiff complained to Mailroom Supervisor Linderman, she responded that, pursuant to Department of Corrections policy, mail from the PCRA Unit is not privileged because it is not from the court or an attorney. (*Id.*) Plaintiff further alleges that Intelligence Captain Trempus and ShawnTech blocked his international calls to London, preventing him from investigating his criminal conviction. (*Id.* ¶¶ 115-16, 130.) In addition, Plaintiff alleges that Assistant Records Administrator Roberts denied his application for International Prisoner Transfer on March 23, 2011, to cover up interference by Department of Corrections employees or to hinder Plaintiff's investigation of his criminal conviction. (*Id.* ¶ 126.)

SCI Fayette is located in LaBelle, Fayette County, within the Western District of Pennsylvania. Linderman, Trempus, and Corrections Officer Roberts work at SCI Fayette and reside in Fayette County. (*Id.* ¶¶ 25, 60, 62; Commonwealth Defs.' Mot. to Dismiss Pl.'s Compl. or,

Alternatively, for a Transfer of Venue [Commonwealth Defs.' Mot.] at 10.) Assistant Records Administrator Roberts resides in Mechanicsburg, Cumberland County, within the Middle District of Pennsylvania. (Commonwealth Defs.' Mot. at 10.) ShawnTech is an Ohio corporation with headquarters in Dayton, Ohio. *See* http://www.shawntech.com.

In his Rule 60(b)(1) motion, Plaintiff argues that the Court mistakenly dismissed his claims against Philadelphia Court of Common Pleas Judge John Poserina, Jr. and Philadelphia Assistant District Attorney ("ADA") Charles Erhlish because some of their alleged conduct took place within the two-year statute of limitations. (Pl.'s Rule 60(b) Motion at 1-2.) Specifically, Plaintiff alleges that Judge Poserina "removed himself" from consideration of Plaintiff's petition for postconviction relief, which was filed on September 21, 2009, and that ADA Erhlish "gave negative reviews" when contacted in March 2011 regarding Plaintiff's application for an International Prisoner Transfer. (Compl. ¶¶ 94, 99.) Plaintiff contends that the inclusion of these Defendants, who presumably reside within the Eastern District of Pennsylvania, would undermine the Commonwealth Defendants' argument that venue is improper. (Pl.'s Rule 60(b) Motion at 2.)

## II.     DISCUSSION

The Commonwealth Defendants argue that venue is improper because none of them resides within the Eastern District of Pennsylvania and the events or omissions giving rise to Plaintiff's remaining claims took place outside of this District. (Commonwealth Defs.' Mot. at 10-11.) The federal statute governing venue provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). An entity such as a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). The Commonwealth Defendants' argument for improper venue ignores that Defendant ShawnTech is a corporation over which the Court has personal jurisdiction. (*See* ShawnTech's Answer.) Therefore, the Court finds that venue is proper because one of the Defendants is a resident of the Eastern District of Pennsylvania.[2]

The Commonwealth Defendants also argue that a transfer of venue is appropriate under 28 U.S.C. § 1404(a) because the Eastern District of Pennsylvania is an inconvenient forum. (Commonwealth Defs.' Mot. at 12.) Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts possess broad discretion in deciding motions to transfer venue and approach such motions on a case-by-case basis. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The moving party bears the burden of proving that venue is proper in the transferee district and that a transfer is appropriate. *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000); *see also Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

Courts in the Third Circuit apply a multi-factor test to determine whether transfer is appropriate, weighing private and public interests. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). The private interests include: (1) the plaintiff's choice of forum; (2) the

---

[2] Because the Court finds that venue is proper as to the Defendants currently in this case, it need not address Plaintiff's argument that the inclusion of Judge Poserina and ADA Erhlish as Defendants would make venue proper.

4

defendant's choice of forum; (3) where the claims arose; (4) the convenience of the parties given their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in a given forum; and (6) the location of books and records to the extent they could not be produced in the alternative forum. *Id.* at 879. The public interests include: (1) the enforceability of the judgment; (2) practical considerations of trial logistics; (3) the relative court congestion of the two fora; (4) the local interests of each forum in deciding local controversies; (5) the public policies of the fora; and (6) the judges' relative familiarity with the applicable law. *Id.* at 879-80.

### A. Private Factors

Other than Plaintiff's choice of forum, the private factors in this case weigh in favor of transfer. While "the plaintiff's choice of venue should not be lightly disturbed," *Jumara*, 55 F.3d at 879, it is entitled to less deference when the events giving rise to the lawsuit took place outside of the chosen forum. *See Cameli v. WNEP-16 The News Station*, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001). The Commonwealth Defendants' choice of venue is either the Western or Middle District of Pennsylvania, and ShawnTech has not expressed any opposition to a transfer of venue. All of the remaining claims in this case arose from the Western District of Pennsylvania, where SCI Fayette is located, and that forum is more convenient for the parties. While the potential witnesses are likely within this Court's subpoena power, the Western District of Pennsylvania is a more convenient forum for them as well. Finally, the parties' books and records related to the claims are presumably located in the Western District of Pennsylvania, although they should be available in both fora.

### B. Public Factors

The public factors in this case are either neutral or favor transfer. A judgment in either venue

defendant's choice of forum; (3) where the claims arose; (4) the convenience of the parties given their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in a given forum; and (6) the location of books and records to the extent they could not be produced in the alternative forum. *Id.* at 879. The public interests include: (1) the enforceability of the judgment; (2) practical considerations of trial logistics; (3) the relative court congestion of the two fora; (4) the local interests of each forum in deciding local controversies; (5) the public policies of the fora; and (6) the judges' relative familiarity with the applicable law. *Id.* at 879-80.

### A. Private Factors

Other than Plaintiff's choice of forum, the private factors in this case weigh in favor of transfer. While "the plaintiff's choice of venue should not be lightly disturbed," *Jumara*, 55 F.3d at 879, it is entitled to less deference when the events giving rise to the lawsuit took place outside of the chosen forum. *See Cameli v. WNEP-16 The News Station*, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001). The Commonwealth Defendants' choice of venue is either the Western or Middle District of Pennsylvania, and ShawnTech has not expressed any opposition to a transfer of venue. All of the remaining claims in this case arose from the Western District of Pennsylvania, where SCI Fayette is located, and that forum is more convenient for the parties. While the potential witnesses are likely within this Court's subpoena power, the Western District of Pennsylvania is a more convenient forum for them as well. Finally, the parties' books and records related to the claims are presumably located in the Western District of Pennsylvania, although they should be available in both fora.

### B. Public Factors

The public factors in this case are either neutral or favor transfer. A judgment in either venue

will be enforceable. Given that Plaintiff is incarcerated at SCI Fayette, a trial located in the Western District of Pennsylvania would be more practicable. Moreover, because Plaintiff's claims relate to conduct that took place within SCI Fayette, the Western District of Pennsylvania has a greater interest in deciding this controversy. Court congestion and public policy are not at issue. Finally, as Plaintiff brings his claims under a federal statute, the judges in both districts should be familiar with the applicable law.

### III.   CONCLUSION

Upon consideration of the *Jumara* factors, the Court will grant the Commonwealth Defendants' motion to transfer venue and transfer this case to the Western District of Pennsylvania. An Order consistent with this Memorandum will be docketed separately.