# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY KENNETH WILLIAMSON, | Civil Action No. 12 – 785 |
| Plaintiff, | |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| CO ROBERTS, *et al.*, | |
| Defendants. | ECF No. 44 |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Extension of Time and Emergency Injunction (ECF No. 44) filed by *pro se* Plaintiff, Bobby Kenneth Williamson, an inmate currently incarcerated at the State Correctional Institution Fayette (SCI-Fayette) in LaBelle, Pennsylvania. For the following reasons, the Motion will be granted in part and denied in part.

**I. Background**

Plaintiff is currently serving a life sentence for crimes including first-degree murder. He initiated this action in the Eastern District of Pennsylvania on August 2, 2011. He named approximately fifty Defendants, alleging civil rights violations in connection with his criminal conviction and subsequent attempts to clear his name and to be transferred to a prison in the United Kingdom. On October 5, 2011, the Eastern District dismissed the claims against the majority of the Defendants as time-barred. Upon motion of the remaining Defendants, this case

1

was subsequently transferred to this Court on May 11, 2012.[1]  The remaining Department of Corrections Defendants filed a Motion to Dismiss on August 14, 2012, and Plaintiff's response was due on September 14, 2012.  Instead of filing his response, however, Plaintiff filed the current Motion for Extension of Time and Emergency Injunction.

In his Motion, Plaintiff requests the Court to order Restricted Housing Unit ("RHU") Captain Carl Walker, and other officers, to release Plaintiff's legal property he maintains was confiscated out of retaliation.  He also requests a 120 day extension of time in which to amend his complaint to presumably add claims of retaliation against these officials and requests that the Court order his immediate transfer to another facility.

**II. Applicable Legal Standards**

This Court has discretion to grant preliminary injunctive relief under Federal Rule of Civil Procedure 65.  The party seeking a preliminary injunction has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).  The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief.  Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

---

[1] The surviving claims are asserted against Defendants Darlene Linderman, Joseph Trempus, Chuck Roberts, CO Roberts, and ShawnTech.  They stem from allegations that an affidavit was lost or destroyed, legal mail was opened outside of Plaintiff's presence, and international telephone numbers were intentionally blocked.

The purpose of the preliminary injunction is to preserve the *status quo* until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno, 40 F.3d at 655.

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials

require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 126 S. Ct. 2572, 2578 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

**III. Analysis**

With the above considerations in mind, Plaintiff has not demonstrated that preliminary injunctive relief is warranted in this case.

First, Plaintiff cannot show a likelihood of success on the merits because his Motion is based on events unrelated to the subject of his Complaint and requests an injunction against officials at SCI-Fayette who are not named as Defendants in this lawsuit. This is an impermissible basis for seeking injunctive relief[2] as the issuance of a preliminary injunction is to preserve the *status quo* and prevent irreparable harm until the court has an opportunity to rule on the merits of the pending lawsuit. *See* Acierno v. New Castle County, 40 F.3d 645, 647 (3d Cir. 1994).

---

[2] *See*, *e.g.*, Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (finding that because plaintiff's motion was based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in the original lawsuit, they cannot provide the basis for a preliminary injunction); Grim v. Smith, No. 1:07cv144, 2012 U.S. Dist. LEXIS 29341, at *2-3 (E.D. Tex. Feb. 13, 2012) (report and recommendation denying TRO because plaintiff sought preliminary injunction against non-defendants and also failed to demonstrate irreparable harm), adopted at 2012 U.S. Dist. LEXIS 29322 (E.D. Tex. March 6, 2012); Spencer v. Stapler, No. 04-1532, 2006 U.S. Dist. LEXIS 50940, 2006 WL 2052704, *9 (D. Ariz. July 21, 2006) (denying plaintiff's motion for injunctive relief because it concerns events that are unrelated to the subject of his complaint and concerns conduct of persons other than the named defendants); Williams v. Platt, 2006 U.S. Dist. LEXIS 3169, 2006 WL 149124, *2 (W.D. Okla. Jan. 18, 2006) (concluding that "[a] preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint"); Westbank Yellow Pages v. BRI, Inc., No. 96-1128, 1996 U.S. Dist. LEXIS 6785, 1996 WL 255912, *1 (E.D. La. May 13, 1996) (determining that a preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not sought in the underlying action).

Alternatively, even if the Court were to assume that Plaintiff's requests regarding preliminary injunction were sufficiently related to this lawsuit and the individuals against whom he is currently seeking an injunction were defendants in this action, his Motion would still fail because he is unable to show immediate irreparable injury, a prerequisite for the issuance of preliminary injunctive relief. The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for . . . .'" Acierno, 40 F.3d at 653 (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury . . . ." Acierno, 40 F.3d at 655 (citation omitted).

According to Defendants, Plaintiff was released back into general population on September 7, 2012, after a short stay in the RHU upon receiving a misconduct for threatening another inmate, to which he pled guilty. Captain Walker reports that Plaintiff was well over the allowable limits for cell contents when he was brought to the RHU on August 29, 2012. Captain Walker instructed staff to inventory Plaintiff's property so that he could come into compliance with DOC regulation, allowing him to choose what items were to fill his footlocker and two record boxes. All other property was to be confiscated and turned over to Reception and Discharge, and upon release to general population, Plaintiff was instructed that he could contact his Unit Manager to request a legal exemption. If and/or when that was granted, he could then make arrangement to retrieve additional legal materials, with the remainder to be mailed out or destroyed. According to Sergeant Pierce, Plaintiff was given the opportunity to retrieve any legal materials that he may need on September 11, 2012, the day Plaintiff mailed out the current

pending Motion at issue. However, Plaintiff refused and said that he was filing a lawsuit. According to Defendants, Plaintiff has been housed in general population since September 7, 2012, but has never made a request to complete the necessary paperwork to request a legal exemption so that he can obtain additional legal materials. Moreover, Plaintiff has not filed a grievance concerning his property matters. Plaintiff's allegations fail to show any immediate irreparable injury. Plaintiff has been given the opportunity to inventory his property and refused. In addition, he has the option of seeking an exemption to possess additional legal material over the cell content limits but has failed to make any request.

Given the evidence in the record, Plaintiff has simply not carried his burden of demonstrating an entitlement to the extraordinary relief of an injunction. Defendants do not object to a reasonable extension of time for Plaintiff to respond to their pending Motion to Dismiss, and the Court will grant one accordingly. In all other respects his Motion will be denied.

His Motion will also be denied with respect to his request that this Court order his transfer to another facility. Plaintiff has no constitutional right to be assigned to a particular prison or particular location. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245-46 (1983). Moreover, Plaintiff's requested relief is not available in any event. In this regard, the Prison Litigation Reform Act provides that:

> [in] any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2). Here, there are clearly less drastic and less intrusive means for remedying Plaintiff's complaints than by ordering Plaintiff's transfer. Therefore, even assuming that Plaintiff met all the requisites for preliminary injunctive relief, the Court would not issue an injunction requiring that Plaintiff be transferred to another institution.

Finally, although it is unclear in his Motion, it appears as if Plaintiff is also requesting that the Court order officials at SCI-Fayette to give him a 120 day extension of time to file grievances against Captain Walker and other officials. However, the Court will not interfere in the grievance process or other internal facility matters, and Plaintiff's Motion will be denied to the extent he requests such relief.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time and Emergency Injunction (ECF No. 44) is **GRANTED** in part and **DENIED** in part. The Motion is granted to the extent that Plaintiff is given forty-five days from the date of this Order in which to file either a Response to Defendants' Motion to Dismiss or an Amended Complaint. In all other respects, the Motion is denied.

**AND IT IS FURTHER ORDERED** that in accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this Order to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: October 1, 2012

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Bobby Kenneth Williamson
    DQ-9200
    Box 9999
    LaBelle, PA  15450

   Counsel of record.