# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MR. BOBBY KENNETH WILLIAMSON,      )
                                   )
        Plaintiff,      )   Civil Action No. 12-785
                                   )
v.                                 )
                                   )
CO ROBERTS, *et al.*,              )   Chief Magistrate Judge Lenihan
                                   )
        Defendants.      )
                                   )

## ORDER

This case is before the Court on Defendants' Motion to Dismiss (ECF No. 42) filed August 14, 2012.

**THE PARTIES ARE HEREBY NOTIFIED THAT THE PENDING MOTION WILL BE TREATED AS A MOTION FOR SUMMARY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 56 WITH RESPECT TO THE ISSUE OF PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES.** *See* <u>Renchenski v. Williams</u>, 622 F.3d 315 (3d Cir. 2010). Plaintiff is advised that in treating the motion to dismiss as a motion for summary judgment, the motion will be evaluated under the standard set forth in Rule 56 of the Federal Rules of Civil Procedure. Plaintiff is on notice that failure to respond to the pending motion may result in the entry of judgment against him.

**AND NOW, this 2nd day of January, 2013:**

**IT IS HEREBY ORDERED that no formal discovery, such as interrogatories, requests for production or requests for admission will be allowed in this case without leave of court. However, no later than January 18, 2013, Defendants shall provide Plaintiff with the following: all incident reports, grievances, disciplinary reports, investigative reports,**

**appeals, or other similar documents in its possession concerning the alleged incident or incidents. Plaintiff may not submit requests for discovery to the Defendants without leave of court.**

**IT IS HEREBY ORDERED** that, on or before January 18, 2013, Defendants shall file a Concise Statement of Material Facts related solely to the issue of exhaustion, including an appendix containing copies of all relevant grievances and appeals therefrom, and any other relevant records concerning the alleged incident or incidents.

**IT IS FURTHER ORDERED** that Plaintiff shall be allowed until February 15, 2013, to respond to Defendants' Motion for Summary Judgment concerning the exhaustion issue. Such response must comply with the Local Rules for the Western District of Pennsylvania, as detailed below. Defendants may file a Reply on or before February 28, 2013 if they so desire.

**IT IS FURTHER ORDERED** that **no extensions** will be granted without just cause.

**IT IS FURTHER ORDERED** that Plaintiff is advised that his response to the motion may include opposing or counteraffidavits (executed by the plaintiff or other persons) which have either been sworn to under oath (notarized) or include at the end of the document, immediately before the plaintiff's signature, the following in accordance with 28 U.S.C. § 1746: "I declare under penalty of perjury that the foregoing is true and correct. Executed this __ day of ____ , 2013."

**IT IS FURTHER ORDERED** that all affidavits, opposing or counteraffidavits must be based upon the personal knowledge of the person executing the affidavit; that no affidavit, amended complaint, pretrial narrative or other document containing Plaintiff's allegations will be considered when determining the motion for summary judgment unless it has been notarized

before a notary public or unless it contains a declaration under penalty of perjury as set forth above; that plaintiffs may attach to their affidavits copies of any depositions, answers to interrogatories, institutional records or other documents they wish this court to consider when addressing the summary judgment motion; and that the motion for summary judgment will be evaluated under the procedure standard set forth in Rule 56 of the Federal Rules of Civil Procedure; and that failure to respond may result in entry of judgment against them.

**IT IS FURTHER ORDERED** that Plaintiff shall serve on counsel for Defendant a copy of each pleading or other document submitted for consideration by the court and shall include with each document filed a certificate stating the date a true and correct copy of the pleading or document was mailed to each attorney. Any pleading or other document received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service shall be returned to Plaintiff by the Clerk.

**IT IS FURTHER ORDERED** that the Plaintiff shall comply with Local Rule 56.C by filing his brief in response, concise counter statement of facts and any appendix, as described below:

**C. Opposition Requirements**. Within 30 days of service of the motion for summary judgment, the opposing party shall file:

1. **A Responsive Concise Statement**: A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:

(a) admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;

(b) setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with

appropriate reference to the record (See LCvR 56.B.1[1] for instructions regarding format and annotation); and

(c) setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the court to determine the motion for summary judgment;

2. **Memorandum in Opposition**:  The memorandum of law in opposition to the motion for summary judgment must address applicable law and explain why there are genuine issues of material fact to be tried and/or why the moving party is not entitled to judgment as a matter of law; and

3. **Appendix**:  Documents referenced in the Responsive Concise Statement shall be included in an appendix. (See LCVR 56.B.3[2] for instructions regarding the appendix).

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 56.E, alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, **which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party**.  *See* Enigh v. Miller, Civil No. 08-1726, 2010 WL 2926213 (W.D. Pa. July 23, 2010) (collecting cases).

---

1.  The pertinent portion of LCVR 56.B.1 reads:  "A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact."

2.  LCVR 56.B.3 reads as follows:

3.  Appendix.  Documents referenced in the Concise Statement shall be included in an appendix. Such documents need not be filed in their entirety.  Instead, the filing party may extract and highlight the relevant portions of each referenced document.  Photocopies of extracted pages, with appropriate identification and highlighting, will be adequate.

**IT IS FURTHER ORDERED** that should Plaintiff fail to comply with this order, the motion will be decided without the benefit of Plaintiff's response and the Court will consider dismissal of this action for failure to prosecute.

**IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

**Cc: BOBBY KENNETH WILLIAMSON**
DQ-9200
BOX 9999
LABELLE, PA 15450